UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**VALERIE MAERTZ,**
**Plaintiff,**

**v.** **Case No. 1:26-cv-1870**

**SUBWAY OF NEW, LLC,**
**and**
**CHAD GRIFFITH,**
**Defendants.**

---

# COMPLAINT

---

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the United States District Court for the Green Bay District of Wisconsin under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. Plaintiff Valerie Maertz ("Plaintiff") is an adult resident of Sheboygan County in the State of Wisconsin.

4. Defendant Subway of New, LLC (hereinafter "Subway"), is a domestic limited liability company with its principal place of business at 712 Packerland Dr., Green Bay, WI, 54303.

5. Defendant Subway, operates a Subway Restaurant location at 1102 Plankview Green in Sheboygan, Wisconsin.

6. On information and belief, Defendant Subway does $500,000 or more in business annually.

7. Defendant Subway's registered agent for service of process in the State of Wisconsin is Patrick Buckley located at 712 Packerland Dr., Green Bay, WI, 54303.

8. Defendant Chad Griffith (hereinafter "Griffin") is an adult resident of Wisconsin residing at 530 S. 14th Street, Sheboygan, Wisconsin 53081.

9. Griffin is a manager for Subway and direct supervisor of Plaintiff. As such, Griffin acted directly or indirectly in the interest of Subway in relation to Plaintiff.

10. Defendant Subway and Defendant Griffin were joint employers of Plaintiff and will be collectively referred to herein as "Defendants."

**<u>FACTUAL ALLEGATIONS</u>**

11. Plaintiff was employed by Defendants as a Sandwich Maker.

12. In that role, Plaintiff processed credit card payments from Defendants customers extensively throughout each shift Plaintiff worked.

13. Defendants annual gross volume of business done exceeds $500,000 and has exceeded $500,000 in each of the three years preceding the filing of this complaint.

14. Plaintiff worked for Defendants at times since July 2026.

15. Defendants agreed to pay Plaintiff $15.00 per hour. Plaintiff accepted that rate of pay.

16. Prior to August 19, 2026, Defendants paid Plaintiff at the agreed upon rate of $15.00 per hour for the work Plaintiff performed for Defendants.

17. During the pay period from August 19, 2026 through September 1, 2026, Plaintiff worked 78.27 regular hours and 7.52 overtime hours.

18. Plaintiff completed all work she was asked by Defendants to complete during the pay period from August 19, 2026 through September 1, 2026.

19. Plaintiff worked all scheduled hours during the pay period from August 19, 2026 through September 1, 2026.

20. Defendants agreed to pay Plaintiff $15.00 per hour for all hours Plaintiff worked for Defendants during the pay period from August 19, 2026 through September 1, 2026.

21. Plaintiff's employment ended on September 2, 2026 after Plaintiff called in sick and was unable to find a replacement employee to work her shift because Defendants did not have sufficient staff.

22. Defendants printed a check to pay Plaintiff for the work performed during the pay period from August 19, 2026 through September 1, 2026 and delivered it to Defendants' Plankview Green location in Sheboygan.

23. Defendant Griffin, rather than mail the check or deliver the check to Plaintiff, tore the check into pieces and threw it into the garbage.

24. Defendants failed to pay Plaintiff any wages for the work performed by Plaintiff during the pay period from August 19, 2026 through September 1, 2026.

25. Defendant Griffin had and continues to have control over the day-to-day operations of the Subway location on Plankview Green.

26. Defendant Griffin had and continues to have control over the human resources and compensation aspects of Subway's Plankview Green location, including those compensation policies and practices alleged herein as they relate to Plaintiff.

27. Defendant Griffin determined the rates and methods of compensation for Plaintiff.

28. Defendant Griffin, in his capacity as a manager, determined that Defendants would not pay Plaintiff when he tore Plaintiff's check up and threw it in the garbage.

## FIRST CLAIM FOR RELIEF: FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

30. Defendants have been, and continue to be, an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

31. Defendants have been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

32. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

33. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than $7.25 per hour.

34. Plaintiff was not exempt from the minimum pay requirements of the FLSA.

35. Defendants did not compensate Plaintiff at the applicable minimum wage for the work Plaintiff performed during the pay period from August 19, 2026 through September 1, 2026.

36. The foregoing practice violates the FLSA.

37. Defendants' violation of the FLSA was willful.

38. Plaintiff suffered wage loss because of this violation.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

40. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

41. Plaintiff was not exempt from the overtime pay requirements of the FLSA.

42. Defendants did not pay Plaintiff overtime premium wages for work performed in excess of forty hours per week during the pay period from August 19, 2026 through September 1, 2026.

43. The foregoing practice violates the FLSA.

44. Defendants' violation of the FLSA was willful.

45. Plaintiff suffered wage loss because of this violation.

## THIRD CLAIM FOR RELIEF: FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF WISCONSIN LAW

46. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

47. Defendants have been, and continue to be, employers within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2).

48. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 104.01(2) and 109.01(1r).

49. Wisconsin law requires employers to pay all non-exempt employees at a rate of not less than $7.25 per hour.

50. Plaintiff was not exempt from the minimum pay requirements of Wisconsin law.

51. Defendants did not compensate Plaintiff at the applicable minimum wage during the pay period from August 19, 2026 through September 1, 2026.

52. The foregoing practice violates Wisconsin law.

53. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

54. Plaintiff suffered wage loss because of this violation.

## FOURTH CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WISCONSIN LAW

55. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

56. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

57. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

58. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

59. Plaintiff was not exempt from the overtime pay requirements of Wisconsin law.

60. Defendants did not pay Plaintiff overtime premium wages for work performed in excess of forty hours per week during the pay period from August 19, 2026 through September 1, 2026.

61. The foregoing practice violates Wisconsin law.

62. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

63. Plaintiff suffered wage loss because of this violation.

## FIFTH CLAIM FOR RELIEF:
## FAILURE TO PAY AGREED UPON WAGES IN VIOLATION OF THE WISCONSIN LAW

64. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

65. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. § 109.01(2).

66. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r).

67. Wisconsin law requires an employer to pay employees all agreed upon wages.

68. Defendants agreed to compensate Plaintiff at a rate of $15.00 per hour for during the pay period from August 19, 2026 through September 1, 2026.

69. Defendants failed to compensate Plaintiff at the agreed upon rate for all hours worked by Plaintiff.

70. The foregoing practice violates Wisconsin law.

71. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

72. Plaintiff suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff, respectfully requests the following relief:

A. Judgment against Defendants in an amount equal to unpaid wages at the applicable minimum, agreed-upon, and overtime rates owed to Plaintiff, as well as the damages Plaintiff suffered because of Defendants' failures.

B. An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D. Such further relief as the Court deems just and equitable.

Dated: October 7, 2026

*s/Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Connor J. Clegg, SBN 1118534
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217-5470
Telephone: (414) 271-8650
Fax: (414) 607-6079
Email: ljohnson@hq-law.com
cclegg@hq-law.com